**Paramjeet Singh HUNDAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75476.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2008.[*]

Filed Aug. 7, 2008.

Hardeep S. Rai, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas Fatouros, Esquire, Trial Attorney, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON **, District Judge.

### MEMORANDUM ***

■ Pursuant to 8 U.S.C. § 1158(a)(3) this court lacks jurisdiction to review the BIA's determination that Petitioner's asylum application was not filed within one-year of the date of his arrival in the United States. Though the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), has overridden 8 U.S.C. § 1158(a)(3)'s jurisdictional prohibitions for questions of law and constitutional claims, Petitioner has failed to raise any questions of law or constitutional claims on appeal. *See Husyev v. Mukasey,* 528 F.3d 1172, 1178 (9th Cir.2008); *Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007). Furthermore, the BIA properly affirmed the IJ's denial of Petitioner's remaining claims for withholding of removal and protection under the Convention Against Torture (CAT) based on the IJ's adverse credibility finding.

■ The BIA affirmed the IJ's dismissal of Petitioner's claims and affirmed the IJ's adverse credibility determination citing *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994). A review of the IJ's decision demonstrates that the IJ's adverse credibility finding is supported by substantial evidence and that the inconsistencies in Petitioner's testimony go to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Although most of the inconsistencies related to whether Petitioner had filed his asylum application within one year of his arrival in the United States, the IJ noted additional discrepancies that also support an adverse credibility finding for Petitioner's claims for withholding of removal and for protection under CAT. *See id.* Specifically, the IJ found that Petitioner failed to convincingly address discrepancies in his testimony regarding the number of times he gave speeches in India supporting the Shiromani Akali Dal, the number of times he was arrested, and the relation of his alleged arrests to the speeches he gave.

The IJ also noted a discrepancy between Petitioner's testimony that he was the only member of his family involved in political activities and a letter written by Petitioner's father stating that "our family is well known in the area for Supporter [sic] of Shiromani Akali Dal Mann and movement of Khalistan."

Petitioner's assessment to refer raises another notable discrepancy regarding the date of his first arrest. Specifically, in his interview with the assessment officer, Hundal initially stated that his first arrest was on May 31, 1998. Later however, Hundal answered that his first arrest was on June 3, 1998, for giving a speech on May 31, 1998. While this inconsistency in dates, alone, may not be a sufficient basis upon which to make an adverse credibility finding, inconsistencies in testimony should not be viewed in isolation, but should be considered in light of all of the evidence

---

** The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

presented. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005).

Here, the IJ's adverse credibility determination is supported by substantial evidence and was properly upheld by the BIA.

**PETITION DISMISSED IN PART FOR LACK OF JURISDICTION, AND DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.